JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ebony Sam
2311B Durham Court,
Mount Laurel, NJ 08054

**DEFENDANTS**
Special People in Northeast, Inc.
10521 Drummond Road
Philadelphia, PA 19154

**(b)** County of Residence of First Listed Plaintiff    Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  12/8/2020

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| Ebony Sam | : |  |
| v. | : |  |
| Special People in Northeast, Inc., et al | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


| 12/8/2020 | Graham F. Baird | Ebony Sam |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2311B Durham Court, Mount Laurel, NJ 08054__

Address of Defendant: __10521 Drummond Road, Philadelphia, PA 19154__

Place of Accident, Incident or Transaction: __10521 Drummond Road, Philadelphia, PA 19154__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/8/2020__    _(signature)_    __92692__
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| | | | | | |
|---|---|---|---|---|---|
| **A.** | *Federal Question Cases:* | | **B.** | *Diversity Jurisdiction Cases:* | |
| ☐ | 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ | 1. | Insurance Contract and Other Contracts |
| ☐ | 2. | FELA | ☐ | 2. | Airplane Personal Injury |
| ☐ | 3. | Jones Act-Personal Injury | ☐ | 3. | Assault, Defamation |
| ☐ | 4. | Antitrust | ☐ | 4. | Marine Personal Injury |
| ☐ | 5. | Patent | ☐ | 5. | Motor Vehicle Personal Injury |
| ☐ | 6. | Labor-Management Relations | ☐ | 6. | Other Personal Injury *(Please specify):* _____ |
| ☒ | 7. | Civil Rights | ☐ | 7. | Products Liability |
| ☐ | 8. | Habeas Corpus | ☐ | 8. | Products Liability – Asbestos |
| ☐ | 9. | Securities Act(s) Cases | ☐ | 9. | All other Diversity Cases |
| ☐ | 10. | Social Security Review Cases | | | *(Please specify):* _____ |
| ☐ | 11. | All other Federal Question Cases *(Please specify):* _____ | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Graham F. Baird__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __12/8/2020__    _(signature)_    __92692__
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| EBONY SAM | : | |
| 2311B Durham Court | : | |
| Mount Laurel, NJ 08054 | : | JURY DEMANDED |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | No. |
| SPECIAL PEOPLE IN NORTHEAST, INC. | : | |
| 10521 Drummond Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| And | : | |
| | : | |
| SPECIAL PEOPLE IN NORTHEAST, INC. | : | |
| 3201 Morrell Avenue | : | |
| Philadelphia, PA 19114 | : | |
| | : | |
|     Defendants | : | |

_____

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

    1.    Plaintiff, EBONY SAM (hereinafter "Plaintiff") is an adult individual residing at the above address.

    2.    Defendant, SPECIAL PEOPLE IN NORTHEAST, INC. (hereinafter "SPIN") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business and corporate headquarters at the above captioned address.

    3.    At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4.      This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.      Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7.      Plaintiff has satisfied the administrative prerequisites and exhausted her administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II.  Operative Facts.

9.      At all times material hereto, Plaintiff is diagnosed with an anxiety disorder.

10.     On or around March 1, 2015, Defendant hired Plaintiff as a direct support professional.

11.     In or around October of 2019, Plaintiff began to suffer decompensation of her mental health condition.

12.     On October 3, 2019, Plaintiff called out of work to attend an appointment with her physician.

13.     During this appointment, Plaintiff's physician recommended she take a leave from her job while they worked to stabilize her condition.

14.    Plaintiff submitted FMLA paperwork to Defendant's third party leave administrator, Lincoln Financial, as per Defendant's procedures.

15.    On October 9, 2019, Plaintiff contacted Defendant's Human Resources department and spoke with Joe who confirmed receipt of Plaintiff's FMLA paperwork.

16.    Joe asked Plaintiff if she wanted to utilize her banked PTO hours while she waited for FMLA approval.

17.    Plaintiff stated she would.

18.    At that time, Plaintiff informed Defendant that she expected to be out until at least October 11, 2019, as she had a follow up appointment on October 12, 2019.

19.    On Monday, October 14, 2019, Plaintiff again called Joe to confirm that she would not be returning to work and would continue to utilize her PTO until the FMLA was approved.

20.    Joe confirmed he would mark Plaintiff as being out on leave.

21.    On October 15, 2019, Plaintiff received a voicemail from Defendant stating her position was being "discontinued" for "job abandonment."

22.    Subsequent to the termination of her employment, Plaintiff received notification form Lincoln that her FMLA had been approved for the dates of October 12, 2019 to December 25, 2019.

23.    Plaintiff had not "abandoned" her position, and had kept in contact with Defendant's human resources department as to the usage of her PTO to cover her absences.

24.    Plaintiff was notified of the approval of her leave mere days following her termination.

25.    Prior to her need to take medical leave due to her diagnosed disability, Plaintiff had not had any issues or complaints.

26.    Defendant failed to reasonably accommodate Plaintiff's disability.

27.    Defendant failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

28.    Plaintiff's employment was terminated prior to her being able to take an FMLA leave.

29.    At all times material hereto, Defendant was hostile to Plaintiff's diagnosed medical condition and need to take FMLA leave, and terminated her as a result of that animus.

30.    As a direct and proximate result of Defendant's conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

## COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

31.    Plaintiff incorporates paragraphs 1-30 as if fully set forth at length herein.

32.    At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

33.    Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

34.    Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

35.    At all times material hereto, Plaintiff had a qualified disability, as described above.

36.    Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

37.    Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

38.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

39.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

40.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – VIOLATION OF FMLA—INTERFERENCE
### (29 U.S.C. §2601 et seq.)

41.    Plaintiff incorporates paragraphs 1-40 as if fully set forth at length herein.

42.    As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

43.    As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

44.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

45.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

46.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT III – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

47.     Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

49.     As described above, Defendant terminated Plaintiff's employment, an adverse action, in retaliation for her exercising her rights to take FMLA leave.

50.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her application and utilization of FMLA leave.

51.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

52.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

53.    Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## COUNT IV—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

54.    Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55.    As set forth above, Plaintiff is a member of a protected class.

56.    Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

57.    Defendant terminated Plaintiff's employment.

58.    As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's disability.

59.    As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

60.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

62.     Plaintiff demands attorneys' fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff, EBONY SAM demands judgment in her favor and against

Defendant, SPECIAL PEOPLE IN NORTHEAST, INC., in an amount in excess of $150,000.00

together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost

wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering;

B.  Punitive damages;

C.  Liquidated damages;

D.  Attorneys fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Ebony Sam

Date:__12/8/2020__

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ebony Sam<br>2311 B Durham Court<br>Mount Laurel, NJ 08054 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐      *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-03005 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*                                  **9/10/2020**

**Jamie R. Williamson,**                          *(Date Mailed)*
**District Director**

Enclosures(s)

cc:

| James Bucci, Esq.<br>Genova Burns, LLC<br>2 Riverside Drive<br>Suite 502<br>Camden, NJ 08103 | Graham F. Baird, Esq.<br>LAW OFFICE OF ERIC A. SHORE<br>2 Penn Center, Suite 1240<br>1500 Jfk Blvd.<br>Philadelphia, PA 19102 |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.